United States District Court
Southern District of Texas
**ENTERED**
December 14, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CIVIL ACTION NO. L-16-0135 |
| v. | § | |
| | § | CRIMINAL ACTION NO. L-13-843 |
| JUAN RUIZ-MARTINEZ. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Juan Ruiz-Martinez, a federal inmate proceeding *pro se*, filed a section 2255 motion to vacate, set aside, or correct his sentence. (Docket Entry No. 28.) The Government filed an amended motion for summary judgment (Docket Entry No. 37), serving Defendant a copy at his address of record on August 22, 2016. Despite expiration of a reasonable period of time in excess of three months, Defendant has failed to oppose the motion for summary judgment, and the dispositive motion is uncontested.

Defendant argues in his section 2255 motion that his sentence for illegal re-entry was enhanced by 16 levels, which is unconstitutional under *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015). He further argues that counsel was ineffective in failing to raise the *Johnson* claim. In *Johnson*, the Supreme Court held that the Armed Career Criminal Act's residual clause is unconstitutionally vague. 135 S. Ct. at 2563. The Court explicitly stated that its holding "d[id] not call into question . . . the remainder of the Act's definition of a violent felony." *Id.*

As correctly argued by the Government, the only clause that was deemed unconstitutional by *Johnson* was the residual clause in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii). In the instant case, Defendant's base offense level for illegal re-entry was eight. The Court then applied a 16-level enhancement under U.S.S.G. §2L1.2(b)(1)(A)(vii) for an Aiding and Abetting Transporting Undocumented Aliens. Defendant was not convicted or sentenced pursuant to the residual clause held unconstitutional in *Johnson*. Defendant fails to show how *Johnson* provides any basis for habeas relief in the instant case, either substantively or as to commencement of the one-year federal statute of limitations. Because *Johnson* had no applicability to Defendant's case, trial counsel cannot be faulted for failing to raise a *Johnson* claim.

The Government's motion for summary judgment (Docket Entry No. 37) is **GRANTED** and Defendant's section 2255 motion (Docket Entry No. 28) is **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**.

The Clerk of Court is **ORDERED** to administratively close Cause No. L-16-0135.

Signed at Houston, Texas, on this the 12 day of December, 2016.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE